**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.  CR-11-0194-HE |
| | ) | |
| DAVID RICHARD BROWN and | ) | |
| JERRY WAYNE STORY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants David Richard Brown and Jerry Wayne Story are charged in a seven count indictment with conspiring to store and dispose of hazardous waste without a permit, disposing of and storing hazardous waste without a permit, and conspiring to make, utter and possess forged securities.  Defendant Story is also charged with making and signing false individual income tax returns.  Defendants have filed a joint motion seeking the dismissal of Count 5.  Defendant Brown has also filed a motion to sever.

Motion to Dismiss[1]

The indictment alleges that defendant Brown owned and operated Brown Materials and defendant Story managed the business' day-to day operations and its employees,  though the company did not maintain a record of his employment. Count 5 alleges defendants wrote checks drawn on Brown Materials' bank account that were made out to Larry Johnston, a fictitious person who did not work for the company.  Brown allegedly introduced Story to

---

[1]*Although defendants request an evidentiary hearing, a hearing is not required because defendants' motion only raises a legal issue.*

the employees of the bank that maintained the company's account as Larry Johnston and "[t]hereafter, the checks were falsely endorsed as 'Larry Johnston,' and Story cashed the checks." Indictment, p. 7. Count 5 charges defendants with conspiring to commit forgery in violation of 18 U.S.C. § 513(a).

Defendants contend Count 5 does not charge a crime because the checks underlying the conspiracy charge were not forgeries – they were made out to Larry Johnston and endorsed and cashed by Larry Johnston. While the payor may be fictitious, defendants assert that the "checks are exactly what they purport to be." Defendants' motion, p. 10. In support of their argument, defendants rely heavily on United States v. Hunt, 456 F.3d 1255 (10th Cir. 2006). However, that case is clearly distinguishable as it involved checks that were "genuinely executed." Id. at 1269.

The defendant in Hunt had check writing authority for certain bank accounts of his employer. While the employer had privately placed restrictions on Hunt's authority to write checks as its agent, the employer's bank was unaware of those limits. Hunt wrote a series of checks transferring more than $2 million from his employer's bank accounts to accounts under his control. The Tenth Circuit held that "a check written by an agent with check-writing authority, and signed by the agent using his own name" does not qualify as forged under §513 even if "the agent exceeded the bounds of his contractual authority with the principal." Id. at 1259.

Defendants, however, are not charged with writing, endorsing or cashing checks using their own names. The indictment alleges they made out checks to a fictitious person,

2

the checks were falsely endorsed and defendants then cashed them.  Section 513 defines the term "forged" as "a document that purports to be genuine but is not because it has been falsely ... completed, signed, or endorsed ...."  18 U.S.C. §513(c)(2).

Defendants claim the indictment does not state a crime in Count 5 because it merely alleges that "Jerry Story was using and conducting business under an assumed name," something which is legal and done routinely.  Id. p. 6.  While that may be a defense to the charge, "the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."  United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010) (internal quotations omitted).  See Hunt, 456 F.3d at 1267 ("In ordinary usage, when describing an instrument, 'genuine' means 'actually produced by or proceeding from the reputed or alleged source or author.'" ) (quoting Webster's Third New International Dictionary 948 (2002)).  The motion to dismiss will be denied.

Motion to Sever

Counts 1 through 4 of the indictment charge both defendants with environmental violations.  Count 5 charges both defendants with conspiracy to commit forgery, and counts 6 and 7 charge defendant Story with tax fraud based on his alleged failure to report earnings related to his employment at Brown Materials.  Defendant Brown claims the indictment improperly joins charges of unrelated criminal conduct.  He asks that Count 5 be severed as it alleges a conspiracy involving forged securities that is not connected to the charges relating to the storage and disposal of hazardous waste.  He also asks that Counts 6 and 7 be severed, on the ground he would be prejudiced if tried with a codefendant who is charged with totally

unrelated crimes.

The court must first determine whether the offenses charged were properly joined. If they were, the court will proceed to consider whether defendants were properly charged together and whether, if properly joined, defendants' trials should nonetheless be severed due to potential prejudice.

Pursuant to Fed.R.Crim.P. 8(a), a defendant may be charged with two or more offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Civ.P. 8(a). As defendant Brown notes, the indictment charges three different types of crimes – alleged environmental violations, forgery and tax fraud. However, there is only one Rule 8(a) joinder issue – whether Counts 1-4 were properly included in the same indictment with Counts 5-7. While Count 5 and Counts 6-7 charge different offenses, the alleged conspiracy to commit forgery and tax fraud are related. Allegedly the monies from the forged checks, which form the basis for Count 5, constitute the unreported income that forms the basis for Counts 6 and 7. The offenses charged in those counts "are connected with or constitute parts of a common scheme or plan." Rule 8(a).

The more difficult issue is whether the environmental charges ("first conspiracy") and the forgery/tax fraud charges ("second conspiracy") are sufficiently related to permit them to be joined. The government contends the evidence will establish that money was a common motive for both alleged schemes. It asserts that the first conspiracy was designed to save defendants money by illegally dumping the hazardous waste rather than paying for

4

proper disposal and the second was designed to increase both defendants' income. According to the government, because Brown Materials was a Chapter S corporation Brown increased his income by "submitting tax returns for Brown Materials Silver Refining, Inc, a Chapter S corporation , in which he deducted checks made out to 'Larry Johnston,' as the purchase[r] of supplies." Government's response, p. 4. His codefendant allegedly benefitted by failing to report money obtained from the Larry Johnston checks as income on his tax returns.

The government relies on United States v. Dominguez, 226 F.3d 1235 (11th Cir. 2000) in support of its position, while defendant Brown cites United States v. Randazzo, 80 F.3d 623 (1st Cir. 1996).[2] The defendant in Dominguez was charged with drug-related charges and mortgage fraud-related charges. The Eleventh Circuit held that the two groups of charges were properly joined because "[c]oncealing income from the drug activity was the motive for the mortgage fraud." Dominguez, 226 F.3d at 1242. The defendant in Randazzo was charged with conspiracy, making fa
lse statements to, and claims against, the United States and introducing misbranded or adulterated food into interstate commerce ("shrimp charges"). These charges alleged that Randazzo and the company of which he was president and majority shareholder used prohibited substances in the shrimp it produced or failed to disclose its use of certain

---

[2]*The court does not have to determine whether, in determining the joinder issue, it can consider only what is alleged in the indictment or can also consider evidence offered by the government that shows a connection between the charges. See Dominguez, 226 F.3d at 1240-41 & n. 7. The government's representation in its brief as to the expected evidence at trial (even if supported by a proffer) is insufficient to justify joinder.*

substances. Randazzo was also charged with causing his company to file false corporate tax returns. The government claimed he "misreported as sales expenses cash sums that he was taking weekly from the Company for personal use and that the Company returns listed as corporate expenses the wages of a person who worked exclusively for the Randazzo family on personal matters." *Id*. at 626-27. The First Circuit held that "[t]he misconduct underlying the shrimp counts and the improper claiming of expenses on the tax returns were not part of the same 'scheme or plan' in any sense of the phrase." *Id*. at 627. The court also rejected the government's argument that the shrimp and tax charges were of the "same or similar character" because they "involved the use of falsehoods or omissions to profit at the expense of the federal government." *Id.*

This case more closely approximates Randazzo than Dominguez. Even if the court were inclined to follow Dominguez, the allegations in that indictment differ in one significant respect from those in the indictment under consideration here. In Dominguez the government's theory of the case, which was borne out by the evidence at trial, was that "Dominguez submitted fraudulent income tax returns when applying for mortgage loans in order to conceal the fact that his income had been derived from drug activity." Dominguez, 226 F.3d at 1239. The court concluded that "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *Id.* However, what the government argues in this case is that both conspiracies had a common motive – to obtain money – not that one was the "impetus" for the other.

Before a final determination as to misjoinder can be made the court "'has a duty to

weigh the prejudice'" resulting from a trial of multiple offenses "against the expense and inconvenience of separate trials ...." United States v. Bailey, 952 F.2d 363, 365 (10th Cir. 1991) (quoting United States v. Cardall, 885 F.2d 656, 667-68 (10th Cir.1989)).  Because the charges relating to the two conspiracies are not related, having one trial would not avoid "unnecessary repetition and duplication of evidence." *Id.*  However, a single trial presents the strong possibility of prejudice to defendant Brown, as the jury might infer criminal propensity from the multiple charges.  The balance in this case tips in favor of severing the counts.  The court concludes Counts 1-4 and 5-7 were misjoined and defendant Brown's motion to sever will be granted with respect to those counts.

The motion will be denied, though, insofar as defendant Brown seeks a severance of Counts 6 and 7 from Count 5.  While Counts 6 and 7 do not pertain to him, they are properly joined with Count 5 under Rule 8(a) and defendant Brown has failed to show either misjoinder under Rule 8(b) or the required prejudice to warrant a severance pursuant to Rule 14(a).

Rule 8(b) allows two or more defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id*.  The Rule specifically provides that "[a]ll defendants need not be charged in each count."  As defendants clearly have been properly joined, the issue is whether defendant Brown is entitled to a severance under

Rule 14(a).[3]

"'The preference in a conspiracy trial is that persons charged together should be tried together." United States v. Zapata, 546 F.3d 1179, 1191 (10th Cir.2008), *cert denied*, ____ U.S. ___ (2008) (quoting United States v. Small, 423 F.3d 1164, 1181 (10th Cir. 2005)). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Severance is not warranted "by a complaint that one defendant is less culpable than another, or by an allegation that a defendant would have a better chance of acquittal in a separate trial, or by a complaint of the 'spill-over' effect of damaging evidence presented against a codefendant." Zapata, 546 F.3d at 1191 (quoting United States v. Iiland, 254 F.3d 1264, 1270 (10th Cir.2001)). *Accord* Zafiro, 506 U.S. at 540 ("defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials").

The trial in this case will be neither unusually lengthy nor so complex that the jury will be unable to segregate the evidence as to each of the defendants. Any danger of unfair prejudice can be minimized by limiting instructions. A defendant seeking a severance bears

---

[3]*Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."*

a heavy burden "as he must show more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice." United States v. Dirden, 38 F.3d 1131, 1140 (10th Cir. 1994) (internal quotation omitted). Defendant Brown has not met that burden here.[4]

Accordingly, defendants' motion to dismiss [Doc. #21] is denied. Defendant Brown's motion to sever [Doc. #22] is granted. Defendants' trial on Counts 1-4 of the indictment will begin on November 28, 2011. Their trial on Counts 5-7 will be set on the court's December trial docket.

---

[4]*Although he does not use the term antagonistic defenses, Brown does assert that if he is tried with Story the "case will end up being a contest" between them. Defendant's motion, p. 4. His assertions in this regard fall far short of what is required to show that their defenses will be "'so antagonistic that they are mutually exclusive.'" United States v. Pursley, 474 F.3d 757, 765 (10th Cir. 2007) (quoting United States v. Peveto, 881 F.2d 844, 857 (10th Cir. 1989)). "Severance is not warranted ... merely because defense theories conflict or because one defendant is attempting to cast blame on the other." Dirden, 38 F.3d at 1141.*

**IT IS SO ORDERED**.

Dated this 8th day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE